JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
David Hopkins

**DEFENDANTS**
City of Philadelphia d/b/a Philadelphia Police Department; Captin Mark Burgmann; Sergeant Colleen Michvech and John Does

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Schafkopf Law LLC, 11 Bala Ave Bala Cynwyd PA 19004; 610-664-5200
Weisberg Law, 7 S. Morton Ave Morton PA 19107; 610-690-0801
Mildenberg Law, 1735 Market Street Ste 3750; 215-545-4870

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Title VII, 42 USC 1981 and 1983; ADA and FMLA Act
Brief description of cause:
Plaintiff has been discriminated against and retaliated against for having a disability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
11/27/2018

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 271 Grace Lane, Harleysville PA 19438 _____

Address of Defendant: _____ 750 Race Street Philadelphia PA 19106 _____

Place of Accident, Incident or Transaction: _____ Philadelphia Police Department Special Victims Unit Offices _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/27/2018 _____    _____ 83362 _____
*Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

| **A.** | **Federal Question Cases:** | **B.** | **Diversity Jurisdiction Cases:** |
|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6. | Other Personal Injury *(Please specify):* _____ |
| ☑ 7. | Civil Rights | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | *(Please specify):* _____ |
| ☐ 11. | All other Federal Question Cases | | |
| | *(Please specify):* _____ | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Gary Schafkopf _____, counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 11/27/2018 _____    _____ 83362 _____
*Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Denise Anselmo | : | CIVIL ACTION |
| v. | : | |
| City of Phiadelphia d/b/a Philadelphia Police Department, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 11-27-18 | Gary Schafkopf, Esq | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-5200 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

BRIAN R. MILDENBERG, ESQ.
MILDENBERG LAW FIRM
Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
**Attorney for Plaintiff**

MATTHEW B. WEISBERG, ESQ.
WEISBERG LAW
Attorney ID No. 85570
7 South Morton Ave. 19070
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

GARY SCHAFKOPF, ESQ.
SCHAFKOPF LAW, LLC
Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334
**Attorney for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **DENISE ANSELMO** | : | |
| 271 Grace Lane | : | |
| Harleysville, Pennsylvania 19438 | : | |
|  | : | |
| Plaintiff, | : | |
|  | : | |
| v. | : | **CIVIL COMPLAINT NO.** |
|  | : | |
| **CITY OF PHILADELPHIA** | : | **JURY TRIAL OF TWELVE (12)** |
| **d/b/a PHILADELPHIA POLICE** | : | **DEMANDED** |
| **DEPARTMENT** | : | |
| 750 Race Street | : | |
| Philadelphia, Pennsylvania 19106 | : | |
|  | : | |
| and | : | |
|  | : | |
| **CAPTAIN MARK BURGMANN** | : | |
| in his individual and official capacity as | : | |
| a Captain and Commanding Officer for the | : | |
| PHILADELPHIA POLICE DEPARTMENT | : | |
| 300 E. Hunting Park | : | |
| Philadelphia, Pennsylvania 19124 | : | |
|  | : | |
| and | : | |
|  | : | |

**SERGEANT COLLEEN MICHVECH**   :
in her individual and official capacity  :
as a Sergeant for the PHILADELPHIA :
POLICE DEPARTMENT     :
300 E. Hunting Park       :
Philadelphia, Pennsylvania 19124  :
             :
and            :
             :
**JOHN/JANE DOES 1-10**     :
             :
    **Defendants.**     :

## CIVIL ACTION

## INTRODUCTION

Denise Anselmo (Plaintiff) brings this action against her employer, the City of Philadelphia, Captain Mark Burgmann, and Sergeant Colleen Michvech (collectively, the Defendants) for violations of 42 U.S.C. § 1981 and § 1983.  Specifically, Defendants:  retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* because Plaintiff filed a complaint in 2016 alleging unlawful gender discrimination;  committed multiple violations of the Americans With Disabilities Act (ADA) based on Plaintiff's disability (Multiple Sclerosis), 42 U.S.C. § 12101 *et seq.*; violated Plaintiff's rights under the Family & Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 et seq.;  discriminated and retaliated against Plaintiff, in violation of the Pennsylvania Human Rights Act (PHRA), 43 Pa. Stat.  § 951 *et seq.*; and discriminated and retaliated against Plaintiff, in violation of the Philadelphia Fair Practices Ordinance (PFPO), Philadelphia Code § 9-1101 *et seq.*

## PARTIES

1.  Plaintiff Denise Anselmo is an adult female, residing in Harleysville, Pennsylvania.

2

2.  Defendant City of Philadelphia, doing business as the Philadelphia Police Department (PPD), is a government agency located in Philadelphia, Pennsylvania.

3.  Defendant Mark Burgmann is an adult male who, at all relevant times, acted individually and in his capacity as a Captain and Commanding Officer (CO) of the PPD's Special Victims Unit making him an agent, servant or employee of the PPD.

4.  Defendant Colleen Michvech is an adult female who, at all relevant times, acted individually and in her capacity as a Sergeant in the PPD's Special Victims Unit making her an agent, servant or employee of the PPD.

5.  Defendants John and Jane Does 1-10 are fictitious names for individuals and/or entities currently unknown but will be identified and substituted if they become known as affiliated, associated or liable in this matter for the reasons set forth below or inferred therefrom.  Each of these individuals and/or entities are incorporated as Defendants in each count averred herein.

## JURISDICTION AND VENUE

6.  The causes of action which form the basis of this mater arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*; 42 U.S.C. § 1983; the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*; the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 *et seq.*; the Pennsylvania Human Rights Act (PHRA), 43 Pa. Stat. § 951 *et seq.*; and the Philadelphia Fair Practices Ordinance (PFPO), Philadelphia Code § 9-1101 *et seq.*

7.  The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000(e) *et seq.* and 28 U.S.C. § 1331.

8.  The District Court has jurisdiction over Counts II, III and IV (ADA) pursuant to 42 U.S.C. § 12101 *et seq.* and 28 U.S.C. § 1331.

3

9.  The District Court has jurisdiction over Count V (FMLA) pursuant to 29 U.S.C. § 2601 *et seq.* and 28 U.S.C. § 1331.

10. The District Court has jurisdiction over Count VI (Section 1983) pursuant to 28 U.S.C. § 1331, § 1333, and § 1343.

11. The District Court has supplemental jurisdiction over Count VII (PHRA) pursuant to 28 U.S.C. § 1367.

12. The District Court has supplemental jurisdiction over Count VIII (PFPO) pursuant to 28 U.S.C. § 1367.

13. Venue is proper in the District Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000(e)-5(f).

14. All conditions precedent have been satisfied.  On August 31, 2018, the U.S. Equal Employment Opportunity Commission (EEOC) issued Plaintiff a Right to Sue Letter.

## FACTUAL ALLEGATIONS

15. In 2008, the PPD hired Plaintiff as a police officer.

16. In 2014, Plaintiff was assigned to the PPD's Special Victims Unit.

17. At all relevant times, Defendant Burgmann was -- and still is -- the Captain and CO of the Special Victims Unit.

18. While in the Special Victims Unit, Plaintiff's then-supervising Lieutenant subjected her to adverse and disparate treatment that was gender-based.

19. In or about 2016, Plaintiff filed a discrimination complaint with the PPD's Internal Affairs Department (IAD) detailing the Lieutenant's harassing and gender-based misconduct.

20. PPD protocol required that the Plaintiff's complaint be routed through her chain of command before it is reviewed and investigated by the IAD.  As Plaintiff's Captain and

CO, Defendant Burgmann received Plaintiff's complaint before it was actually submitted to the IAD.

21. At all times since Plaintiff filed her gender discrimination complaint, Defendant Burgmann has engaged in a pattern of harassment against Plaintiff.  Said harassment consists of yelling, bullying, threatening and berating Plaintiff to such a degree that Plaintiff is forced to work in an environment that is hostile and anxiety-ridden.

22. On December 9, 2016, Plaintiff filed a request for a transfer out of the Special Victims Unit because of Defendant Burgmann's continuing harassment, but Defendant Burgmann impeded the process and held up her request.

23. In 2016, Plaintiff began experiencing muscle weakness, back pain, and tingling sensations in her feet.

24. Plaintiff's doctors could not identify a cause for her symptoms.

25. Plaintiff was assigned off-duty detail to work the 2017 New Year's Parade (2017 Parade Detail).

26. Plaintiff sought medical advice from two of her doctors out of concern that if she worked the 2017 Parade Detail, her physical weakness may cause further injury or otherwise prevent her from responding quickly in the event of a disturbance.  On the other hand, Plaintiff was perfectly willing to work the 2017 Parade Detail, if her doctors approved it.

27. Plaintiff's two doctors advised against her working the 2017 Parade Detail and wrote notes recommending that Plaintiff be excused from the assignment.

28. Plaintiff did not work the 2017 Parade Detail.

29. When Plaintiff returned to work, Defendant Burgmann berated and humiliated her about her medical condition and ordered her to see the PPD's doctor.

30. Defendant Burgmann also ordered Plaintiff to complete a worker's compensation injury form, even though Plaintiff insisted that her medical issues were not due to a workplace injury.

31. Defendant Burgmann obstinately refused to accept Plaintiff's word that her medical issues were unrelated to her workplace. He continued to berate and yell at Plaintiff and insisted that she complete the workers compensation injury form.

32. Plaintiff was told that she could not return to work until she went to the PPD doctor.

33. That same day, Plaintiff's work schedule was suddenly changed which resulted in her forfeiting overtime pay for her appearance in court that morning.

34. When Plaintiff appeared at the PPD doctor's office, she was sent away. The office explained to Plaintiff that Defendant Burgmann was wrong to send her to their office.

35. When Plaintiff returned to work, Defendant Burgmann called her into his office and argued with Plaintiff over her medical condition. After learning that Plaintiff had reached out to her union representative at the Fraternal Order of Police (FOP), Defendant Burgmann made a sarcastic remark.

36. In or around February 2017, Defendant Michvech was assigned to the Special Victims Unit.

37. The Special Victims Unit apparently portrayed Plaintiff in an unflattering manner because Defendant Michvech freely admitted to Plaintiff: "Yeah they told me about the complaint and all the other stuff when I got here."

38. On March 9, 2017, after months of medical tests and speculation, Plaintiff's doctors diagnosed her with Multiple Sclerosis (MS).

6

39. Soon after learning her diagnosis, Plaintiff informed her supervisor, Lieutenant Thomas Smith.  Lieutenant Smith suggested to Plaintiff that she keep the diagnosis to herself because PPD staff were prone to gossip.

40. Lieutenant Smith never asked Plaintiff if she needed a medical accommodation or time off for medical treatment.

41. Plaintiff informed Defendant Michvech of her MS and expressed dismay over Defendant Burgmann's mistreatment when Plaintiff provided two doctor's notes recommending that she be excused from the 2017 Parade Detail.

42.  Defendant Michvech was dismissive of Plaintiff's characterization and said: "Well, you can't call out on a detail."

43. Yet, Plaintiff never "called out" on the 2017 Parade Detail but provided the PPD advance notice with two doctor's notes.

44. On another occasion, when Plaintiff complained that she was the sole officer working in the Special Victims Unit on a particular day, Defendant Michvech directed that Plaintiff utilize counseling services through the PPD's confidential Employee Assistance Program (EAP).

45. Notwithstanding the fact that EAP's services are confidential and PPD is obliged to maintain confidentiality, Defendant Michvech told other office staff.   Plaintiff was shocked and dumbfounded when Officer Vondel Cooke asked Plaintiff:  "How did EAP go?"

46. When an officer is scheduled to appear in court, PPD policy requires that the officer report to the office before going to court.  While Plaintiff was expected and required to

7

follow the policy, Defendant Michvech allowed other officers in her unit to ignore the
policy, forego the office and go directly to court.

47.  In January 2018, Plaintiff had a flat tire on Interstate 476 during work hours. She phoned
two supervisors (one being Defendant Michvech) and explained to them what happened
and that she needed to get her tire replaced.   She requested some time off to take care of
the flat tire.

48.  The two supervisors were confused as to whether Plaintiff could use sick time or
emergency vacation time.

49.  Neither Defendant Burgmann nor the two supervisors disputed that Plaintiff called in and
explained that she had a flat tire.

50.  Yet, after the I-476 incident, Defendant Burgmann called Plaintiff into his office.
Defendant Michvech was also present.

51.  Neither Defendant suggested or advised Plaintiff that she could have a union
representative at the meeting.

52.  Notwithstanding the fact that Defendant Burgmann never disputed that Plaintiff called in
to two supervisors when she had the flat tire, he proceeded to yell at Plaintiff and threaten
her with discipline for abusing sick leave.

53.  Defendant Burgmann accused Plaintiff of "blowing a sick check," i.e., abusing sick leave
because when a police officer went to Plaintiff's home to verify that she was "sick,"
Plaintiff did not answer the door.

54.  At the time, there was construction noise in Plaintiff's neighborhood and she never heard
the officer knock at the door.  In fact, the officer conveyed the fact of the construction

8

noise to Defendant Michvech when he informed her that Plaintiff never answered the door.

55. Defendant Burgmann threatened her with discipline for "blowing a sick check." Somewhat irrationally, he continued to argue with Plaintiff about the repair of the flat tire, the fact that she had an expensive tire warranty, and that she failed to get a loaner vehicle from the car dealer.

56. Plaintiff advised Defendant Burgmann that she <u>had</u> a loaner vehicle and it was parked outside the office.

57. Plaintiff was shocked that Defendant Burgmann distorted the facts, condescended her for such irrelevant and extraneous matters as her tire warranty, and accused her of abusing sick leave.

58. Plaintiff's shock was compounded when, during the meeting, Defendant Michvech -- who was one of the two supervisors she initially contacted when she had the flat tire -- advised that when one of her (Michvech's) other officers had a similar emergency, she recorded his time off as a half-day sick and a half-day vacation.

59. Defendant Michvech never offered Plaintiff the same option as the other officer who experienced a similar emergency; rather, she let the matter escalate to the point of Defendant Burgmann threatening Plaintiff with discipline.

60. In February 2018, Plaintiff was scheduled for an MS infusion treatment on Thursday, February 8th. Plaintiff purposely scheduled the infusion for that day because it was her regular day off.

61. In or around February 5th, there was anticipation that the Eagles Super Bowl Parade (Eagles Parade Detail) would be held on February 8th and that Plaintiff would have to relinquish her day off and work the Eagles Parade Detail.

62. Plaintiff discussed her dilemma with the FOP. Her union representative advised her to submit a memo to her supervisors advising of her pre-scheduled infusion on February 8th and her inability to work the Eagles Parade Detail.

63. Following FOP's advice, Plaintiff drafted a memo to Defendant Burgmann. Following the chain of command, Plaintiff's memo was first reviewed by Defendant Michvech.

64. Defendant Michvech signed the memo, marked it "disapproved," and handed it back to Plaintiff.

65. When Plaintiff asked why her request was denied, Defendant Michvech said: "You can't take off on a detail."

66. Plaintiff tried to explain to Defendant Michvech the importance of the timing of the infusion treatment, as it must coincide with her MRI's and blood work; however, Defendant Michvech rebuffed Plaintiff's explanation.

67. On February 6, 2018, Defendant Michvech told Plaintiff that Defendant Burgmann wanted to see her in his office.

68. Based on Defendant Burgmann's ongoing hostility towards her, Plaintiff wanted to contact the FOP first and request union representation for the meeting.

69. Defendant Michvech told Plaintiff to go directly to Defendant Burgmann's office without calling the FOP because it was a "direct order."

70. Plaintiff assured Defendant Michvech that she was not disobeying Defendant Burgmann's direct order, but that she wanted to phone the FOP.

71.  Defendant Michvech stormed away and returned shortly thereafter with Defendant Burgmann and Lieutenant Harold Lloyd.

72. In the presence of many detectives and officers who were in the office that day, Defendant Burgmann pointed his finger in Plaintiff's face and yelled: "GIVE ME YOUR PHONE! HANG UP THE PHONE!!"

73. At this point, Plaintiff's union representative was on the other end of the line and could hear Defendant Burgmann yelling at Plaintiff, instructing her to hang up the phone, get out of her chair and proceed to his office.

74. Humiliated and frightened, Plaintiff was escorted into Defendant Burgmann's office.

75. When they got to his office, Defendant Burgmann informed Plaintiff that she cannot take off from the Eagles Parade Detail, and that he cannot have his officers "disrespecting" him.

76. When Plaintiff tried to explain that she has a serious medical appointment, Defendant Burgmann was dismissive and reiterated that Plaintiff could not take off for the Eagles Parade Detail.

77.  Defendant Burgmann snapped back: "I don't care about your sick appointment, if you take off, you will be penalized."

78. Defendants Burgmann and Michvech altogether disregarded Plaintiff's serious medical condition and her need for an infusion; they remained steadfast that Plaintiff must forego her medical infusion in order to work the Eagles Parade Detail.

79. Likewise, neither Defendant ever provided Plaintiff ADA or FMLA information or otherwise directed her to staff who could provide that information.

11

80. Plaintiff contacted the FOP and was crying hysterically over Defendant Burgmann's disregard of her illness and his threats of discipline.

81. It was the FOP and Plaintiff's medical doctors -- not anyone of the Defendants -- that ultimately advised Plaintiff of her rights under the Family & Medical Leave Act.

82. The FOP contacted the PPD Deputy Commissioner on Plaintiff's behalf and provided the Commissioner with Plaintiff's medical documentation.

83. The Deputy Commissioner excused Plaintiff's requested absence from the February 8th Eagles Parade Detail and granted Plaintiff's request to keep her medical appointment.

84. But for the FOP's intervention and direct contact with the PPD Commissioner, Plaintiff would have had two options:  either forego the infusion for her MS and work the Eagles Parade Detail or keep her medical appointment in defiance of Defendant Burgmann's order and incur discipline.

85. Ironically, soon after she disapproved Plaintiff's request for time off for her infusion, Defendant Michvech was diagnosed with a serious medical condition.

86. Defendant Michvech openly spoke about her medical condition and treatment.

87. Unlike Plaintiff, Defendant Michvech's illness was not questioned or debated.  Rather, she was afforded all of the time she needed in order to get medical treatment.

88. On March 14, 2018, Plaintiff was interviewed by Lieutenant Lloyd as part of an internal investigation regarding her alleged disobedience on February 6th when Defendant Burgmann's gave her a "direct order" to appear in his office.

89. On April 4, 2018, John Anselmo (at the time, Plaintiff's fiancé) wrote to the Deputy Commissioner thanking him for relieving Plaintiff from the Eagles Parade Detail and requesting that Plaintiff be transferred out of the Special Victims Unit because of

12

Defendant Burgmann's threats and bullying which cause Plaintiff severe stress and exacerbate her MS.

90. On the same day, Plaintiff applied for intermittent FMLA because "during symptom exacerbations, [Plaintiff] may be unable to perform any job tasks and may require acute care hospital treatment."

91. Defendant Burgmann questioned PPD's Personnel Office about Plaintiff's medical condition and the information submitted by her doctor; the Office denied his request because it would violate the Health Insurance Portability & Accountability Act (HIPAA), 42 U.S.C. § 1320d–6.

92. In June 2018, as a result of the April 4th letter that Plaintiff's fiancé sent to the Deputy Commissioner, Plaintiff was ultimately detailed out to the Gun Permit Unit; said detail is an assignment and was not a transfer out of the Special Victims Unit.

93. Even after her transfer, Plaintiff continues to incur the wrath and hostility of Defendants Burgmann and Michvech.

94. After Plaintiff was relocated to the Gun Permit Unit, Defendant Michvech directed Plaintiff to complete certain case reports for the Special Victims Unit.  Said assignment is out of the ordinary and not typical when an officer has transferred out of a unit.

95. Sergeant Joseph McEntee even warned Plaintiff's new supervisor (Sergeant Carter-Smith) that it would be unsafe for Plaintiff to come to the Special Victims Unit.  Consequently, Sergeant Carter-Smith escorted Plaintiff back to the Special Victims Unit when she turned in the requested case reports.

## COUNT I -  TITLE VII VIOLATION

96. Plaintiff incorporates by reference the foregoing paragraphs, as if fully set forth herein.

97. Defendants Burgmann and Michvech retaliated against Plaintiff because of her 2016 complaint alleging gender discrimination.

98. Since 2016, Defendants Burgmann and Michvech have consistently and repeatedly harassed and bullied Plaintiff in retaliation for Plaintiff's 2016 complaint, forcing Plaintiff to perform her job duties in a hostile work environment.

99. Defendants' retaliation against Plaintiff violates Title VII. 42 U.S.C. 2000(e)(3)(a).

100.   Said violations were done with malice and/or reckless indifference and warrant the imposition of punitive damages.

101.   As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered damages and losses and has incurred attorneys' fees and costs.

### COUNT II - ADA VIOLATION
### (FAILURE TO ENGAGE IN INTERACTIVE PROCESS)

102.   Plaintiff incorporates by reference the foregoing paragraphs, as if fully set forth herein.

103.   The PPD is a "covered entity," and as defined by the ADA.  42 U.S.C § 12111(2).

104.   Plaintiff suffers from MS, which is a "disability," as defined by the ADA.  42 U.S.C § 12102.

105.   Plaintiff is an "otherwise qualified individual," who is able "to perform the essential functions of the job with or without a reasonable accommodation . . . ." as defined by the ADA.  29 C.F.R. § 1630.2(n).

106.   With knowledge of Plaintiff's disability, Defendants failed to engage in the interactive process, as required by the ADA.  29 C.F.R. pt. 1630, App. §1630.9.

107.   As a consequence of Defendants' refusal to engage in the interactive process with Plaintiff regarding her disability, Defendants violated the ADA.  29 C.F.R. pt. 1630, App. §1630.9.

14

108.    Defendants' ADA violations were done with malice and/or reckless indifference and warrant the imposition of punitive damages.

109.    As a direct and proximate result of Defendants' ADA violations, Plaintiff has suffered damages and losses and has incurred attorneys' fees and costs.

## COUNT III - ADA VIOLATION
## (FAILURE TO PROVIDE REASONABLE ACCOMMODATION)

110.    Plaintiff incorporates by reference the foregoing paragraphs, as if fully set forth herein.

111.    As a result of Defendants' refusal to engage in the interactive process with Plaintiff, they altogether failed to provide Plaintiff with a reasonable accommodation, as required by the ADA.  42 U.S.C § 12112(b)(5)(A).

112.    Defendants' ADA violations were done with malice and/or reckless indifference and warrant the imposition of punitive damages.

113.    As a direct and proximate result of Defendants' ADA violations, Plaintiff has suffered damages and losses and has incurred attorneys' fees and costs.

## COUNT IV - ADA VIOLATION
## (DISPARATE TREATMENT)

114.    Plaintiff incorporates by reference the foregoing paragraphs, as if fully set forth herein.

115.    The ADA protects employees from disparate treatment by their employers when said disparate treatment is adverse and due to employees' disability.  42 U.S.C. § 12112(a).

116.    Defendants treated Plaintiff adversely in the terms and conditions of employment because she suffered from a disability.

117.    Defendants harassed and bullied Plaintiff because of her disability and her need for an

accommodation.

118.    Defendants' ADA violations were done with malice and/or reckless indifference and

warrant the imposition of punitive damages.

119.    As a direct and proximate result of Defendants' ADA violations, Plaintiff has suffered

damages and losses and has incurred attorneys' fees and costs.

## COUNT V - FMLA VIOLATION

120.    Plaintiff incorporates by reference the foregoing paragraphs, as if fully set forth

herein.

121.    The FMLA protects an employee's job when the employee needs to take sick leave

for a "serious health condition."  29 U.S.C. § 2612(a).

122.    Likewise, it is unlawful for an employer to retaliate or "discriminate against any

individual for opposing any practice made unlawful." 29 U.S.C. § 2615(a)(2).

123.    An employer may not impede, discourage or interfere with an employee's exercise of

lawful rights under the FMLA.  29 U.S.C. § 2615(a)(1).

124.    Plaintiff has MS, which is a "serious health condition," as defined by the FMLA. 29

U.S.C. § 2612(a)(1)(D).

125.    Defendants knew that Plaintiff suffered from MS but threatened her with discipline

when she needed to take leave in order to get medical treatment.

126.    When Defendants denied Plaintiff's leave request for medical treatment, they

interfered with the lawful exercise of her FMLA rights, in violation of 29 U.S.C. §

2615(a)(1).

127.    Defendants' FMLA violations were done with malice and/or reckless indifference and warrant the imposition of punitive damages.

128.    As a direct and proximate result of Defendants' FMLA violations, Plaintiff has suffered damages and losses and has incurred attorneys' fees and costs.

### COUNT VI - 1983 VIOLATION

129.    Plaintiff incorporates by reference the foregoing paragraphs, as if fully set forth herein.

130.    Defendants' retaliatory conduct, as set forth herein, deprived Plaintiff of equal protection under the law, as guaranteed by the 14th Amendment of the United States Constitution.

131.    Defendants' wrongful acts and violations were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

132.    As a direct and proximate result of Defendants wrongful acts and violations, Plaintiff has suffered damages and losses and has incurred attorneys' fees and costs.

### COUNT VII - PHRA VIOLATION

133.    Plaintiff incorporates by reference the foregoing paragraphs, as if fully set forth herein.

134.    Defendants' improper and retaliatory acts violated the PHRA, 43 Pa. Stat. §951 *et seq*.

135.    Defendants' improper and retaliatory acts were intentional and willful.

136.    As a direct and proximate result of Defendants' wrongful acts and violations, Plaintiff has suffered damages and losses and has incurred attorneys' fees and costs.

### COUNT VIII - PFPO VIOLATION

137.    Plaintiff incorporates by reference the foregoing paragraphs, as if fully set forth

herein.

138.    Defendants' improper and retaliatory acts violated the PFPO, Philadelphia Code § 9-

1101 *et seq*.

139.    Defendants' improper and retaliatory acts were intentional and willful.

140.    As a direct and proximate result of Defendants' wrongful acts and violations, Plaintiff

has suffered damages and losses and has incurred attorneys' fees and costs.

## **RELIEF**

**WHEREFORE**, Plaintiff seeks damages and legal and equitable relief as a result of

Defendants' violations, and especially requests that the Court grant the following relief to

Plaintiff by:

a)   declaring the acts and practices complained of to be in violation of Title VII;

b)    declaring the acts and practices complained of to be in violation of the ADA;

c)   declaring the acts and practices complained of to be in violation of the FMLA;

d)   declaring the acts and practices complained of to be in violation of § 1983;

e)   declaring the acts and practices complained of to be in violation of the PHRA;

f)   declaring the acts and practices complained of to be in violation of the PFPO

g)   entering judgment against the Defendants and in favor of the Plaintiff in an amount to be

determined; awarding compensatory damages for past and future pain and suffering,

emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff

has suffered or may continue to suffer as a result of Defendants' improper conduct and

violation of Plaintiff's legal rights; awarding punitive damages to Plaintiff;

h)   awarding Plaintiff such other damages as are appropriate under Title VII § 1983, the

PHRA and the PFPO; and

i)   awarding Plaintiff, the costs of suit, expert fees and other disbursements, and reasonable

attorneys' fees; and granting such other and further relief as this Court may deem just,

proper, or equitable, including other equitable and injunctive relief providing restitution

for past violations and for the prevention of future violations.

Respectfully submitted,

BY: */s/ Brian R Mildenberg*
BRIAN R. MILDENBERG, ESQ
MILDENBERG LAW FIRM
Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
**Attorney for Plaintiff**

DATED: 11-27-18

BY: */s/ Matthew Weisberg*
MATTHEW B. WEISBERG, ESQ
WEISBERG LAW
Attorney ID No. 85570
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**


DATED:  11-27-18

BY: _____
GARY SCHAFKOPF, ESQ
SCHAFKOPF LAW, LLC
Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
**Attorney for Plaintiff**


DATED: 11-27-18