

**CITY OF PHILADELPHIA**

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

**Kia Ghee, Asst. City Solicitor**
**Labor & Employment Unit**
**kia.ghee@phila.gov**
**215.683.5079 PHONE**
**215.683.5099 FAX**

January 31, 2019

**Via ECF**

The Honorable Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
James A. Byrne United States Courthouse, Room 7614
Philadelphia, PA 19102
Phone: 267-299-7500

   **Re:** **Denise Anselmo v. City of Philadelphia, et al.**
      **Civil Action No. 18-5160**
      -------------------------------------------------------------------------------------------

Dear Judge Goldberg:

  Pursuant to your Honor's 12(b) procedural order, Defendants, the City of Philadelphia, Mark Burgmann, and Colleen Michvech, respectfully request that this Court grant their request for a pre-motion conference regarding Defendants' anticipated filing of a Partial Motion to Dismiss under Fed. R. Civ. Pro. 12(b)(6) on the grounds more fully described below.

 **I.** **Plaintiff Fails to State a Claim for Title VII and ADA against Defendants Burgmann and Michvech in their Individual or Official Capacities.**

  Third Circuit precedent is clear that Title VII is intended to hold employers, not individual employees liable under Title VII where Plaintiff has also sued the governmental employer. *See Foxworth v. Pennsylvania State Police*, No. CIV.A. 03-CV-6795, 2005 WL 840374, at *4–5 (E.D. Pa. Apr. 11, 2005)(quoting *Sheridan v. DuPont,* 100 F.3d 1061, 1078 (3d Cir.1996). *See also A.M. v. Luzerne County Juvenile Det. Ctr.,* 372 F.3d 572, 580 (3d Cir.2004) ("A suit against a governmental official in his or her official capacity is treated as a suit against the governmental entity itself."). As with Title VII claims, courts in this Circuit have consistently dismissed claims against municipal employees brought against them in their individual and official capacities under the ADA. *Clarke v. Whitney*, 907 F. Supp. 893, 895 (E.D. Pa. 1995)(holding there was no legal claim against an employee individually or officially under ADA where the employer was already a defendant to the action).

Here, Plaintiff brings suit against supervisory employees as well as the municipal government. Therefore, Plaintiff "suffers no prejudice from having [her] suit proceed against [the City] alone, rather than against the individual [d]efendants. . ." *Foxworth*, 2005 WL 840374, at *4–5.

Accordingly, Defendants Burgmann and Michvech should be dismissed from Plaintiff's Title VII and ADA claims in their individual and official capacities.

II. **Plaintiff Fails to State a Claim for FMLA, 1983, PHRA, and PFPO against Defendants Burgmann and Michvech in their Official Capacity.**

The real party in interest in an official-capacity suit is the government entity and not the named official, and a plaintiff who seeks to recover damages in an official-capacity suit "must [therefore] look to the government entity itself." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). So long as "the government entity receives notice and an opportunity to respond," which the City has in the instant case, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."[1]

Accordingly, Defendants Burgmann and Michvech should be dismissed from Plaintiff's FMLA, 1983, PHRA, and PFPO claims in their official capacity.

III. **Plaintiff's Fails to State a Claim for Disparate Treatment under the ADA.**

To state a claim for employment discrimination under the ADA, a plaintiff must demonstrate that he or she is a "qualified individual with a disability" within the meaning of the Act, **and that he or she has suffered an adverse employment decision** as a result of the discrimination. *Kurylo v. Parkhouse Nursing & Rehab. Ctr., LP*, No. CV 17-00004, 2017 WL 1208065, at *3 (E.D. Pa. Apr. 3, 2017)(quoting *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 511–12 (3d Cir. 2001))(emphasis added). Not all acts by an employer qualify as "adverse employment actions"; adverse action actionable in discrimination claim is one that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment. *Thomas v. St. Mary Med. Ctr.*, 22 F. Supp. 3d 459, 466 (E.D. Pa. 2014).

Here, Plaintiff has alleged no facts to demonstrate that she suffered an adverse employment decision. As such, Plaintiff's claim for disparate treatment under the ADA against all Defendants should be dismissed.

IV. **Plaintiff's Complaint Fails to State a Claim for Which Relief May Be Granted for FMLA Retaliation**

To establish a prima facie case of retaliation under FMLA, Plaintiff must show that "(1) he invoked [her] right to FMLA-qualifying leave, (2) **she suffered an adverse employment decision**, and (3) the adverse action was causally related to [his] invocation of rights." *Lichtenstein v. Univ. of*

---

[1] *See Hayduk v. City of Johnstown*, 580 F. Supp. 2d 429, 475 (W.D. Pa. 2008)(quoting *Graham*, 473 U.S. at 166). *See (Haybarger v. Lawrence Cty. Adult Prob. & Parole*, No. CIV.A. 06-862, 2007 WL 789657, at *5 (W.D. Pa. Mar. 14, 2007)(Dismissing Plaintiff's FMLA claim against defendant in his official capacity); *Johnson v. Caputo*, No. CIV.A. 11-2603, 2013 WL 2627064, at *6 (E.D. Pa. June 12, 2013) (dismissing § 1983 claims asserted against individual defendants in their "official capacities"); *See also Ahern v. Eresearch Tech., Inc.*, 183 F. Supp. 3d 663, 671 (E.D. Pa. 2016) (holding individual liability for discrimination will be imposed under PHRA and PFPO).

2

*Pittsburgh Med. Ctr.*, 691 F.3d 294, 302 (3dCir. 2012)(emphasis added). In *Feliciano v. Coca-Cola Refreshments USA, Inc.,* the court determined that Plaintiff failed to state claim for FMLA retaliation because the employer's denial of her request for leave alone did not constitute an adverse employment action for purposes of stating a claim for FMLA retaliation. 281 F. Supp. 3d 585, 593 (E.D. Pa. 2017)

Here, Plaintiff alleges that she applied for intermittent FMLA on April 4, 2018. *See* Compl. ¶¶ 89, 90. Plaintiff fails to plead any adverse employment decisions related to her request for leave under FMLA. Therefore, as with the Plaintiff in *Feliciano,* Plaintiff's FMLA retaliation claim fails. As such, Plaintiff's FMLA retaliation claim should be dismissed with prejudice.

V. **Plaintiff's fails to state a § 1983 Claim against the City of Philadelphia because she has not alleged a policy, custom, or practice that caused her injury.**

For Plaintiff to prevail against the City, she must prove that a constitutionally protected right has been violated, and that the alleged violation resulted from a municipal "custom" or "policy" of deliberate indifference to the rights of citizens. *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). Specifically, Plaintiff must allege that the execution of a governmental policy, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicted the injury. *Watson v. Abington Twp.,* 478 F.3d 144, 155 (3d Cir. 2007). A municipal "custom" within the meaning of section 1983 consists of practices engaged in by state officials that are so permanent and well-settled as to constitute a "custom or usage" with the force and effect of law. *Id.* at 155.

Setting aside the issue of whether Plaintiff has suffered a federally protected violation, Plaintiffs fails to allege any facts from which a fact-finder could conclude that the City has a custom or policy that caused Plaintiffs to suffer a constitutional tort.

In conclusion, for the foregoing reasons, Defendants respectfully request a pre-motion conference. Thank you for Your Honor's continued attention to this matter.

                Respectfully submitted,

                BY:     s/ Kia Ghee
                KIA GHEE
                Assistant City Solicitor
                Pa. Attorney ID No. 321462
                City of Philadelphia Law Dept.
                1515 Arch St., 16th Fl.
                Philadelphia, PA 19102
                (215) 683-5079
                Kia.Ghee@phila.gov

Cc:    Gary Schafkoff, Esquire (via email)